LittletoN, Judge,
delivered the opinion of the court:
The question before the court in this case arises from the defendant’s charge that during the progress of the taking of evidence in the case plaintiff corruptly attempted to practice and did practice a fraud against the United States in the proof, statement, and establishment of his claim, or a part thereof, against the United States, upon which charge of fraud the defendant, under the proof submitted thereon, prays that the court enter judgment forfeiting the claim to *214 the United States and forever barring plaintiff from prosecution of the same.
Section 172 of the Judicial Code, U. S. Code, title 28, section 279, provides as follows: “Any person who corruptly practices or attempts to practice any fraud ag-ainst the United States in the proof, statement, establishment, or allowance of any claim or of any part of any claim against the United States shall, ipso facto, forfeit the same to the Government; and it shall be the duty of the Court of Claims, in such cases, to find specifically that such fraud was practiced or attempted to be practiced, and thereupon to give judgment that such claim is forfeited to the Government, and that the claimant be forever barred from prosecuting the same.” This section was enacted for the purpose of affording the Government an effective means of defeating actions based on false claims and fraudulent proofs in the establishment of a claim in whole or in part, and it must be rigidly enforced to protect the Government against payment of false and fraudulent claims. The amount by which the claim is affected is unimportant if the attempted fraud is established. In such a case the Government must file a plea setting up the matters constituting the fraud and assume the burden of proving that fraud was practiced or attempted. Such a plea has been filed and the burden assumed by the defendant in the case at bar. Upon the filing of the plea the court ordered that the hearing on the merits be suspended and that all evidence which either party desired to submit on the question of fraud be taken. On this issue both parties Avere given full opportunity to be heard and a large volume of testimony was submitted, all of which has been carefully considered and weighed.
The question whether plaintiff practiced or attempted to practice fraud by changing certain entries in certain of his books of account after they had been introduced in evidence as a part of his proof in support of his claim and while they were in the custody of the court is primarily a question of fact to be determined from a fair and impartial consideration of all the testimony introduced. Such consideration has been given and a finding of fact has been made which, *215 in our opinion, is fully supported and amply justified by the evidence. The plaintiff, who had access to and possession of .the books after they were introduced in evidence and were in the custody of the court, changed certain entries in the cash book increasing the amounts of certain entries shown therein over the amounts shown by this record at the time it was introduced in evidence and also over the amount actually expended for the purposes indicated. This finding conclusively disposes of the question presented and no useful purpose would be served by a detailed discussion of the evidence upon which it is based. Suffice it to say, that the plaintiff, Blume, had both motive and opportunity to make the changes and the great preponderance of evidence is that, the changes in question were in the handwriting of the plaintiff. There is no evidence of any weight, direct or circumstantial, that points to the fact that anyone else who had access to or custody of the books after they were introduced in evidence may have made the changes. Nor is there any •direct or circumstantial evidence that anyone else had a. motive for doing so.
Books of account currently kept are, when properly identified, always evidence of -business transactions and changed entries therein when the books contain a number of items, are likely to escape detection, and false entries in such books, of account are the surest earmarks of intention to defraud..
Upon the whole record the court is irresistibly led to the conclusion that the changes in question were made by plaintiff, Blume, willfully and fraudulently in an attempt to-practice a fraud against the United States and the court, therefore adjudges the claim made by him to- be forfeited, to the United States.
At the hearing on the merits of the issue of fraud, the Globe Indemnity Company and the Fidelity Deposit Company of Maryland, sureties on plaintiff’s b.ond of December-27, 1927, to the United States for the faithful performance, of Charles A. Blume’s undertakings Under the contract upon which he brought the action, filed a motion asking-leave of the court to intervene before any action was taken by the court on the question of fraud. A petition of inter *216 vention was tendered with this motion. At that time this motion was considered and overruled by the court. Thereupon counsel for the sureties requested permission of the court to submit a brief on the question of their right to intervene. This permission ivas granted and a brief was filed which has been fully considered. It is clear that the motion to intervene was properly disallowed. Under the statute the charge of fraud went to the whole of plaintiff’s claim and plaintiff’s sureties on his bond to the United States-had no greater right than plaintiff with respect to any claim arising under the contract. Under the court’s finding that the acts of the plaintiff in this suit brought about a forfeiture of the entire claim, there is left in the case no subject matter with respect to which the sureties may intervene.
Whaley, Judge; Williams, Judge; GREEN, Judge; and Booth, Chief Justice, concur.